UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE LUIS NOVOA,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN HENLEY, et al.,<br><br>    Defendants. | Case No. 3:24-cv-00482-MMD-CLB<br><br>ORDER |

Interested Party, the Nevada Department of Corrections ("NDOC"), files a motion requesting an extension for the Inmate Early Mediation ("IEM") conference set for September 12, 2025. (ECF No. 15).[1] The NDOC proposes that the mediation conference be reset for November 4, 2025. (*Id.* at 3). Plaintiff, through counsel, does not object to the extension. (ECF No. 16).

Because Plaintiff is represented by counsel, the Court **REMOVES** this case from the IEM program and **CANCELS** the mediation conference set for September 12, 2025. The IEM program exists to facilitate the disposition of cases between pro se plaintiffs and the NDOC. It was not intended to schedule mediations where both parties have counsel. The parties in this case are free to conduct settlement discussions on their own. Therefore, the Court **DENIES** the motion for an extension, (ECF No. 15), as moot and returns this case to the normal litigation track.

For the foregoing reasons, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 1, 4) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In

---

[1] The Court is very troubled by Defendants' motion, which is untimely filed. The IEM in this case has been set for some time and the IEM statement was due on August 29, 2025. (ECF No. 12.) Despite this, Defendants' motion to extend time was filed on September 9, 2025, eleven days *after* the deadline to file the IEM statement and only three days before the IEM itself was set to take place. (ECF No. 15.) This is improper and the Court will be unlikely to consider such untimely requests in the future.

1

the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3. Pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Jose Novoa, 1285025** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 7) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order (ECF No. 8), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such

information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the first amended complaint (ECF No. 7) within sixty (60) days from the date of this order.

9. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

10. This case is no longer stayed.

DATED THIS 10th day of September 2025.

_____
UNITED STATES MAGISTRATE JUDGE